ent.— Judgment affirmed, with costs. All concurred, except Kruse, J., who dissented.

Fannie E. Wilson, Appellant, v. Faxon, Williams & Faxon, Respondent. — Judgment affirmed, with costs. All concurred.

Fannie E. Wilson, Appellant, v. Faxon, Williams & Faxon, Respondent. — Motion for leave to appeal to Court of Appeals granted.

Joseph S. Meli, Respondent, v. City of Jamestown, Appellant.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.

In the Matter of George F. Paddock, an Alleged Incompetent Person. — Motion for leave to appeal to Court of Appeals granted and questions for review certified. Williams, J., not sitting.

Anson E. Fletcher, Respondent, v. Bruce O. Johnson, Appellant.— Motion granted and stay continued until the hearing and determination of the appeal, upon condition that the appeal be argued at the opening of January, 1912, term.

Charles A. Becker, Appellant, v. Louis J. Wehle, Respondent.— Motion granted and appeal dismissed, with costs.

Ada Gibbroek, Plaintiff, v. George W. Kirkpatrick, Defendant.— Appeal dismissed, without costs, upon stipulation filed.

---

## THIRD DEPARTMENT, NOVEMBER, 1911.

EMMA BISHOP, as Administratrix, etc., of ARTHUR BISHOP, Deceased, Respondent, v. THE KINGSTON GAS AND ELECTRIC COMPANY, Appellant.

*New trial — newly-discovered evidence.*

Appeal by the defendant from an order of the Supreme Court, entered in the clerk's office of the county of Ulster on the 23d day of February, 1911, granting plaintiff a new trial upon newly-discovered evidence.

PER CURIAM: The motion for a new trial was granted on the ground that the plaintiff since the trial had discovered that one Walker would give evidence material upon the question of defendant having properly maintained its electric light wires. The defendant produced the affidavit of Walker stating that he would not testify as claimed. To authorize the granting of a new trial on the ground of newly-discovered evidence it must reasonably appear that such evidence would change the result of the former trial. It must be assumed that Walker would testify as stated in his affidavit. This being so his evidence would not change the result of the former trial. The order must, therefore, be reversed, with ten dollars costs and disbursements. All concurred, except Betts, J., dissenting. Order reversed, with ten dollars costs and disbursements.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JULIA ROBARGE, Appellant.

*Crime — practice — refusal to postpone trial — record.*

Appeal by defendant from an order of the Franklin County Court bearing date the 13th day of June, 1911, denying defendant's application for